**UNITED STATES v. DAIRY CO-OP. ASS'N et al.**

No. 16086.

District Court, D. Oregon.

Jan. 28, 1943.

J. Mason Dillard, William H. Hedlund, and William M. Langley, Asst. U. S. Attys., all of Portland, Or., and Charles S. Burdell, Sp. Asst. to Atty. Gen., for the United States.

Clark & Clark, of Portland, Or. (Alfred E. Clark, of Portland, Or., of counsel), for defendants.

McCOLLOCH, District Judge.

An older generation of judges interpreted the Clayton Act, 38 Stat. 730, to defeat the plain intent of the law, and, almost perversely, it seemed, sought to impose their economic views on the American scene in the controversial field of capital and labor. The result was the enactment of the Norris-La Guardia Act, 29 U.S.C.A. § 101 et seq., which took away the power of federal courts to issue injunctions in labor disputes, except in cases of fraud or violence; and it might be said that the Wagner Act, 29 U.S.C.A. § 151 et seq., which created the National Labor Relations Board, was also the product of the early judges' hostility to the liberalizing provisions of the Clayton Act.[1]

Extremes beget extremes. As stated, the whole course of recent labor legislation seems to have been determined by the unwillingness of some judges to accept and interpret with good will the progressive labor legislation of an earlier period. The amazing statement made this day by a national labor leader that he claims the right to call out five hundred thousand workers in the vital wartime shipbuilding industry for reasons purely personal to himself and his organization may be considered an end result of this reactionary judicial period. The nation is paying a severe penalty in this time of its greatest peril for reactionary judicial thought and decision of twenty or more years ago.

Now I am asked to "interpret" the other provisions of the Clayton Act which say generally that a farmers' cooperative association shall not be subject to the Anti-Trust laws. I am asked to hold that under certain circumstances, even when acting solely in its self-interest, and not in concert with others, a farmer's cooperative can be punished as a monopoly. I am asked to hold that in this case, which I am told is the first case brought by the Anti-Trust Division of the Department of Justice against a farmers' cooperative acting alone and not in concert with others, the defendant is attempting to create a monopoly and is punishable criminally. In short, I am asked to scuttle the plain language of the Clayton Act as to cooperatives, as anti-labor courts scuttled the labor provisions of the same act, with the serious consequences that endure to this hour.

It may be that the acts of the defendant cooperative in this case, tested without regard to the provisions of the Clayton Act, are monopolistic in character. I have not given serious thought to that question, for it seems to me when Congress said that cooperatives were not to be punished, even though they became monopolistic, it would be as ill-considered[2] for me to hold to the contrary as were some of the early labor decisions, more ill-considered in fact,

---

[1] The Clayton Act: " * * * Nothing contained in the antitrust laws shall be construed to forbid the existence and operation of labor, agricultural, or horticultural organizations, instituted for the purposes of mutual help * * *, or to forbid or restrain individual members of such organizations from lawfully carrying out the legitimate objects thereof; nor shall such organizations, or the members thereof, be held or construed to be illegal combinations or conspiracies in restraint of trade, under the antitrust laws." 15 U.S.C.A. § 17.

[2] Compare United States of America ex rel. Marcus v. Hess et al., 63 S.Ct. 379, 87 L.Ed. ——.

in view of the serious consequences to the American people, now known to have followed from those decisions in the labor field.

For these reasons, a finding of not guilty will be made.